IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VICKY CHAO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 11-850-SLR |
| | ) |
| WENDI LUCAS CAPLE, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

Vicky Chao. Pro se petitioner.

James T. Wakley. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

March 18, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner Vicky Chao ("petitioner") is a Delaware inmate in custody at the Delores J. Baylor Women's Correctional Institution in New Castle, Delaware. Presently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 1), and the State's motion to dismiss the application for lack of subject matter jurisdiction (D.I. 13). For the reasons that follow, the court will grant the State's motion to dismiss petitioner's application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Early in the morning of March 9, 1988, three members of William Chen's family were killed in a fire at his home. *Chao v. State*, 780 A.2d 1060, 1063 (Del. 2001). After a police investigation, the State charged Chen's former lover, petitioner, and petitioner's lover, Tze Poong Liu, with multiple counts of arson and murder. In her testimony at trial, petitioner asserted that Liu abducted her by forcing her to accompany him to Chen's house, and that she was bruised in the thigh by Liu's fist as part of his abduction of her. She then testified that she waited in Liu's car while he set fire to the house.

The State presented evidence that petitioner enlisted Liu to assist her in burning down Chen's home because she was angry that Chen had married another woman. *Id.* To support its theory, the State also presented the expert testimony of a medical examiner, Dr. Jonathan Arden, to refute petitioner's claim that she was bruised by Liu's fist in the alleged abduction. *Id.* Based on a photograph taken after petitioner's arrest, Dr. Arden opined that the bruising on the back of petitioner's left thigh was not

consistent with blows from a human fist. The State argued that this evidence did not support petitioner's abduction story. *Id.*

In the summer of 1989, the jury found petitioner guilty of various offenses related to the arson, including first-degree murder, first-degree arson, and first-degree burglary. *Id.* The Superior Court sentenced petitioner to seven consecutive terms of life imprisonment without parole. *Id.* Those convictions were affirmed by the Delaware Supreme Court on direct appeal. *See Chao v. State*, 604 A.2d 1351 (Del. 1992). Petitioner, however, was granted a new trial after it was determined that Chen had perjured himself at trial. *See Chao v. State*, 931 A.2d 1000, 1001 (Del. 2007). After petitioner's second trial, she was convicted of three counts of felony murder and other offenses, and was sentenced to three consecutive life sentences. *See Chao*, 780 A.2d at 1065. Petitioner's convictions were again affirmed on direct appeal. *Id.* at 1075.

In 2002, the Delaware Supreme Court reinterpreted its longstanding interpretation of Delaware's felony murder statute in *Williams v. State*, 818 A.2d 906 (Del. 2002). In response to that decision, petitioner moved the Superior Court for post-conviction relief in 2004, alleging that her felony murder convictions must be vacated because of *Williams*. *See Chao*, 931 A.2d at 1001-2. The state courts agreed, and petitioner was ultimately resentenced on three counts of manslaughter in September 2008 to a total of ninety years imprisonment, suspended after eighty years imprisonment. Petitioner filed an appeal from those convictions and, in April 2009, the Delaware Supreme Court affirmed the Superior Court's decision. *See Chao*, 2009 WL 1090371 (Del. Apr. 23, 2009).

In March, 2010, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging that she was entitled to relief under the Delaware Supreme Court's decision in *Allen v. State*, 970 A.2d 203 (Del. 2009). In *Allen*, the Delaware Supreme Court held that an instruction pursuant to 11 Del. Code Ann. § 274 is appropriate in cases where accomplice liability is alleged as a basis for criminal liability and the degree of culpability may differ between principal and accomplice. *Id.* at 213-14. Pursuant to § 274, when an offense is divided into degrees and accomplice liability is alleged, each participant is only guilty for the degree of a crime that is commensurate with his/her own mental capacity and his/her own accountability for an aggravating circumstance. *Id.* at 213. In her Rule 61 motion, petitioner contended she should have received jury instructions to consider her individual culpability as outlined in *Allen*. After initially determining that her Rule 61 motion was time-barred under Rule 61(i)(1), the Superior Court reviewed petitioner's *Allen* argument under Rule 61(i)(5) to determine if the time-bar should be excused to prevent a miscarriage of justice. The Superior Court concluded that *Allen* could not retroactively apply to petitioner's case because she filed her Rule 61 motion in the Superior Court more than one year after *Allen* was decided. Therefore, the Superior Court summarily denied petitioner's Rule 61 motion as time-barred and, alternatively, as meritless. *See State v. Chao*, ID# 88001884DI, Rep. & Rec. (Del. Apr. 16, 2010). The Delaware Supreme Court affirmed the Superior Court's decision. *See Chao v. State*, 2010 WL 3719936 Del. Sept. 23, 2010).

Thereafter, petitioner filed a § 2254 application in this court. (D.I. 2) The State

3

filed a motion for permission to file a motion to dismiss along with a motion to dismiss, alleging the application should be dismissed for failing to assert an issue cognizable on federal habeas review. (D.I. 12; D.I. 13)

## III. DISCUSSION

Petitioner's application asserts that the Delaware state courts erred by denying her Rule 61 motion as time-barred and refusing to grant her relief under *Allen*. Her argument is two-fold. First, she contends that the Delaware state courts should have found her Rule 61 motion to be timely filed by retroactively applying the *Allen* decision to her case. Second, she contends that the Delaware state courts should have applied *Allen* to her case because she did not know Liu intended to set Chen's residence on fire.

According to 28 U.S.C. § 2254(a), a federal judge "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States." In this case, petitioner does not assert that she is in custody in violation of the federal constitution or federal laws, nor does she rely upon a United States Supreme Court decision from which reliance upon a federal constitutional basis could be discerned. Rather, petitioner appears to challenge the Delaware state courts' denial of her Rule 61 motion as time-barred and ultimate refusal to review her *Allen* claim. This claim alleges a state law issue that is not cognizable on federal habeas relief because petitioner's ultimate criticism is with the Delaware state courts' analysis in a state collateral proceeding. *See Hassine v.*

4

*Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)(holding that the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding.") (emphasis in original); *see also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"). Additionally, petitioner's claim rests purely on a question of Delaware law regarding the manner of interpreting and applying Delaware precedent. Accordingly, the court concludes that it does not have jurisdiction to review petitioner's application.

Moreover, even if the court were to consider petitioner's argument regarding the Delaware state courts' failure to apply *Allen* to her case, her claim would not warrant federal habeas relief. Petitioner's first complaint is that the Delaware state courts erroneously refused to retroactively apply *Allen* to her case. However, the United States Supreme Court has not interpreted the Constitution as requiring states to apply state court decisions retroactively to cases on collateral review.[1] *See American Trucking Association, Inc.*, 496 U.S. 167, 177 (1990). And, as aptly explained by the Third Circuit,

> [o]n habeas review we are in no position to second-guess the state courts' determination as to [the] state law issue [of its own established retroactivity

---

[1]The court acknowledges that, in *Fiore v. White*, 531 U.S. 225 (2001), the Supreme Court held that the due process clause requires a state to retroactively apply to a defendant's case on collateral review a state court decision that clarified the meaning of the criminal statute under which the defendant was convicted, making the conduct of the conviction no longer prohibited. *Id.* at 226-28. The *Allen* decision did not make the conduct for which petitioner was convicted no longer prohibited. Thus, *Fiore* does not require a different analysis than the one discussed in the body of the opinion.

5

> doctrines]. We must rather review for a potential violation of federal law and because we conclude that nothing in the Constitution requires states to apply their own decisions retroactively, we find no such violation.

Warren v. Kyler, 422 F.3d 132, 137 (3d Cir. 2005). After viewing petitioner's retroactivity argument within this framework, the court concludes that it fails to assert an issue cognizable on federal habeas review.[2]

In her second argument, petitioner appears to contend that the Delaware state courts erred in failing to provide relief under Allen because her individual culpability and responsibility were not considered at her trial. However, having just determined that it cannot review the Delaware state courts' refusal to retroactively apply Allen, the court necessarily concludes that it cannot review petitioner's second argument regarding the interpretation and application of Allen to the circumstances of her case. Once again, the issue petitioner presents is one of state law, which fails to assert a proper basis for habeas relief.

Accordingly, the court will deny petitioner's application.[3]

---

[2] The court notes that, subsequent to its denial of petitioner's Rule 61 motion, the Delaware Supreme Court has explicitly and consistently held that the new rule in Allen cannot be applied retroactively. See Richardson v. State, 3 A.3d 233 (Del. 2010).

[3] As an aside, the court notes that petitioner's second argument also appears to be meritless. Allen extended the applicability of § 274 to cases where a defendant is charged with accomplice liability for an offense that is divided into degrees, thereby requiring the jury to determine the defendant's accountability for any aggravating factor or circumstance (e.g., whether a deadly weapon was used or physical injury was caused) as well as the defendant's culpable mental state. See Guy v. State, 999 A.2d 863, 872 (Del. 2010). However, even prior to Allen, lesser-included instructions under § 274 were appropriate in cases were the jury was required to distinguish between degrees of homicide, and Allen changed nothing regarding the necessity of a § 274 instruction at trial on such charges. Id. at 871. Although the Superior Court denied petitioner's Rule 61 motion as time-barred, it alternatively denied petitioner's second argument as meritless because: (1) petitioner was not tried as an accomplice, and the issue of accomplice liability was not at issue before the jury; (2) Allen is not applicable to

## IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## V. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered

---

murder cases where the jury had the opportunity to evaluate the defendant's mental state; and (3) petitioner reaped the benefit of what the § 274 instruction would have allows when she received her re-sentencing from her original murder charges down to the lesser manslaughter charges, which require a lesser finding of culpability and intent. *See State v. Chao*, ID# 88001884DI, Rep. & Rec. (Del. Apr. 16, 2010).

7